## DISSTON v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8440.

Circuit Court of Appeals, Third Circuit.

Argued Nov. 19, 1943.

Reargued Feb. 25, 1944.

Decided July 12, 1944.

As Amended July 27, 1944.

---

115

Harold Evans, of Philadelphia, Pa. (MacCoy, Brittain, Evans and Lewis, of Philadelphia, Pa., on the brief), for petitioner.

Muriel S. Paul, Sp. Asst. to Atty. Gen., (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and A. F. Prescott, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before BIGGS, MARIS, JONES, GOODRICH, and McLAUGHLIN, Circuit Judges.

JONES, Circuit Judge.

The principal question here involved is whether gifts which the petitioner made to his minor children in the taxable years in question were gifts of future interests within the purview of Sec. 504(b) of the Revenue Act of 1932[1] and, therefore, not entitled to the specific exclusion allowed by the statute. If that be answered in the affirmative, then a further question becomes pertinent. Was it proper for the Commissioner of Internal Revenue, in computing the petitioner's gift tax liability for the taxable years in question, to readjust and disallow exclusions theretofore allowed for gifts which the taxpayer had made to his minor children in a prior year as to which year the statute of limitations had run so far as the determination and assessment of a deficiency in tax for that year was concerned?

The facts are undisputed and show the following situation.

On December 17, 1936, the taxpayer created a trust for the benefit of each of his five children, three of whom were then minors. By the trust indenture, he appointed a trust company and his two adult children as trustees. He also made an outright gift to his wife in that year. The taxpayer filed a gift tax return for the year 1936 which was duly audited and from which it was determined that he had made gifts in that year to his wife and his five children in an aggregate sum of $71,952.49. The Commissioner allowed six exclusions of $5,000 each (one on account of the gift to the wife and one on account of the gift to each of the five children) and an exemption of $40,000. The taxpayer's net gifts for the year 1936 were accordingly determined to be $1,952.49 upon which a tax was duly assessed and paid.

On March 21, 1937, the taxpayer augmented the corpus of the trust for his five children by adding thereto $5,000 for each child (in the form of shares of stock in a company in which he was interested). At that time three of the children were still minors.

On December 9, 1938, the taxpayer created another trust for the benefit of his five children, the corpus whereof consisted of two tracts of unimproved land valued at $38,581.54. At that time two of the taxpayer's children were still minors, one of

---

[1] For the purpose of computing the gift tax under the Revenue Act of 1932, c. 209, 47 Stat. 169, Sec. 504(b), 26 U.S.C.A. Int.Rev.Acts, page 585, provides that,—" * * * In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a) [which defines "net gifts"], be included in the total amount of gifts made during such year."

the former minors having attained his majority on April 12, 1938. The trustees were the same corporate trustee and the three adult beneficiaries.

The Commissioner disallowed exclusions in the case of the taxpayer's gifts to his three minor children in 1937 on the ground that they constituted gifts of future interests within the intent of Sec. 504(b). And, for like reason, he also disallowed exclusions on the gifts to the two minor children in 1938. In computing the taxpayer's net gifts in 1937 and 1938, subject to tax, the Commissioner also readjusted the taxpayer's gift tax return for 1936 by disallowing the exclusions therein allowed on account of the gifts to the minor children in that year, as to which the statute of limitations had run. The Tax Court sustained the Commissioner's determination and the present petition for review followed.

The 1936 and 1938 trust instruments do not differ materially so far as the interests given the minors and the powers conferred on the trustees are concerned. Only typical pertinent provisions need, therefore, be quoted.

As to the gift to a minor, paragraph Second, subparagraph 3, of the 1936 trust instrument provided: "3. As to the third of said equal shares of principal, to accumulate the net income therefrom for the benefit of William L. Disston until he reaches the age of twenty-one years, at which time to pay over to him all accumulated income, and thereafter to pay over to him in not less than quarterly instalments the entire net income derived therefrom during his lifetime; provided, however, that upon his reaching the age of forty-five years one-half of the principal of his share shall be paid over to him free and discharged of all trusts; and upon further trust upon his death whether before or after reaching the age of forty-five years, to divide the principal of his share, or such portion thereof as is then held by the Trustees, among his then living descendants (including children, if any, legally adopted by him or his descendants) in such amounts as he shall by will appoint, and in default of such appointment, to divide the same equally per stirpes among such of his said descendants as are living at the time of such distribution, and in default of such descendants then living, to divide the principal equally per stirpes among such of Settlor's other children and their descendants (including children, if any, legally adopted by any of them) as are then living; pro-

vided, however, that if said son shall die before reaching the age of forty-five years, the said powers of appointment shall be subject to the right of the said son to appoint to his wife during her lifetime or for any shorter period such portion of the annual net income from his share of principal as he may elect, not to exceed, however, one-half, of such income."

The gifts to the other two minors (daughters) were in the same terms as the above except that each of the minor daughters was to receive one-third, instead of one-half, of the principal of her gift upon reaching the age of forty-five.

As to the trustees' powers with respect to the gifts to the minors, paragraph Second, subparagraph 6, provided as follows: "6. Trustees shall hold the shares of minors in whom the principal shall have vested during their respective minorities, and during such time shall apply such income therefrom as may be necessary for the education, comfort and support of the respective minors, and shall accumulate for each minor until he or she reaches the age of twenty-one years, all income not so needed. The foregoing clause shall apply to minor children of the Settlor irrespective of the direction heretofore set forth to accumulate all income for such minors. In the administration of the shares of the minors, the Trustees shall have all of the powers, duties and discretions, including the power of investment and reinvestment, as are conferred upon them as Trustees hereunder."

Paragraph Fourth, subparagraph 7, further directed the trustees,—"7. To apply the income to which any beneficiary shall be entitled hereunder for the maintenance, education and support of such beneficiary should he or she by reason of age, illness or any other cause in the opinion of the Trustees be incapable of dispensing it. Payment by the Trustees to the parent of any minor or to the person with whom such minor resides and the receipt of such parent or such person shall be sufficient acquittance and discharge to the Trustees for such payment or payments."

The gifts to the donor's adult children were likewise subject to the trust but, as to such beneficiaries, there was no provision as to the accumulation of their shares in the income, the same being payable to them currently.

As the trust instruments disclose, the gifts to the minor children were immediate, definite, absolute and irrevocable. In no respect did they depend upon the happening

of an uncertain future event either for the determination of the donees or the quantum of the gifts. It seems plain, therefore, that the gifts did not constitute transfers of future interests.

In United States v. Pelzer, 312 U.S. 399, 403, 61 S.Ct. 659, 661, 85 L.Ed. 913, the present Chief Justice, in construing Sec. 504(b) of the Revenue Act of 1932, said that the phrase "future interests" was plainly not concerned with varying local definitions of property interests or local refinements of conveyancing and that the "purpose which marks the boundaries of the statutory command" was "the protection of the revenue and the appropriate adminstration of the tax immunity provided by the statute." Justice Stone then quoted from committee reports in support of the legislation (H.Rept.No.708, 72d Cong., 1st Sess., p. 29; S.Rept.No.665, 72d Cong., 1st Sess., p. 41) to the effect that,—"The term 'future interests in property' refers to any interest or estate, whether vested or contingent, limited to commence in possession or enjoyment at a future date. The exemption being available only in so far as the donees are ascertainable, the denial of the exemption in the case of gifts of future interests is dictated by the apprehended difficulty, in many instances, of determining the number of eventual donees and the values of their respective gifts."

Art. 11 of Treasury Regulations 79 (1936 Ed.), interpreting Sec. 504(b), declared that "future interests in property" should be taken to include "reversions, remainders, and other interests or estates, whether vested or contingent, and whether or not supported by a particular interest or estate, which are *limited to commence in use, possession, or enjoyment at some future date or time.* * * *" (Emphasis supplied.) In the Pelzer case the Supreme Court said (page 404 of 312 U.S., page 661 of 61 S.Ct., 85 L.Ed. 913) that, as applied to the facts of that case, this regulation was within the competence of the Treasury to promulgate.

Applying the foregoing tests to the facts of the Pelzer case, the Supreme Court held the gifts there, which were limited to the settlor's minor grandchildren who should reach the age of twenty-one after a ten year accumulation period, were of "future interests". In short, the gifts in that case depended upon the happening of uncertain future events. Consequently, the Supreme Court said (page 404 of 312 U.S., page 662 of 61 S.Ct., 85 L.Ed. 913) that "The gift

thus involved the difficulties of determining the 'number of eventual donees and the value of their respective gifts' which it was the purpose of the statute to avoid." Likewise, in Ryerson v. United States, 312 U.S. 405, 61 S.Ct. 656, 85 L.Ed. 917, where again the gifts were upon contingencies which might never happen, they were held to be gifts of future interests. By direct contrast, the gifts to the minors in the instant case, which were immediate and absolute, when made, and did not depend upon the donees' survivorship or the happening of any uncertain future event, were gifts of present interests. The donor was, therefore, entitled to the specific exclusions allowed by the Act on his gifts to his minor children unless the provisions which he made as to the accumulation of the income during the donees' minority and the trustees' discretionary use thereof for the donees' benefit during their legal disability served to render the gifts "future interests". We do not think that they did.

The provision for the accumulation of income affected neither the identity of the minor donees nor the value of the gifts. At most, the provision was but compliant recognition by the donor of what the law, out of its solicitude for the safeguarding of a minor's property, would have interposed in the absence of the donor's express direction in such regard. The gifts were the property of the minor donees none the less; and so was the income which recurrently accrued thereon even though it was to be accumulated during the donees' minority. No one else had any interest in or to the gift or the income therefrom. Nor could any interest therein be acquired by any one else except through the donees. If the donees should die during their minority, the gifts and all accumulated income would pass as part of their respective estates. The use and enjoyment of the gifts were the minors' from the day the gifts were made. The accumulated income inured alone to their benefit. Furthermore, for the purpose of determining the recipients of the gifts, the possession of the corpus was in the minor donees within the contemplation of the relevant provision of the Revenue Act. See Helvering v. Hutchings, 312 U.S. 393, 396, 61 S.Ct. 653, 654, 85 L.Ed. 909, where the Supreme Court said that "the beneficiary of the trust to whose benefit the surrender [by the donor] inures * * * is the 'person' or 'individual' to whom the gift is made." In the test laid down by Art. 11 of Regulation 79 for de-

termining a future interest, the terms, "use, possession or enjoyment", are used disjunctively. A present possession of an absolute and irrevocable gift is not, therefore, to be submerged by a supposed lack of use or enjoyment which, in turn, rests upon no more than that the income is accumulated for the minor beneficiary during his minority rather than paid directly into his hands.

In the instant case the Commissioner concedes that the donor was entitled to specific exclusions on account of his gifts to his adult children. Yet, those gifts were subject to the same trust as were the gifts to the minor children. The surrender of ownership by the donor of the subject matter of the gifts and the investiture of the donees therewith was just as certain and definite in the case of the minors as it was in the case of the adults. If, therefore, a distinction should be drawn between the gifts to the adult and to the minor children because the income from the gifts to the latter was to be accumulated during their legal disability, it would mean that a donor would never be entitled to an exclusion on an equally absolute and irrevocable gift to a minor. We can find nothing in the statute or in its evident purpose (United States v. Pelzer, supra) to warrant imputing to Congress an intent to penalize gifts to minors merely because the legal disability of their years precludes them for a time from receiving their income in hand currently. See dissenting opinion of Judge Waller in Fondren v. Commissioner, 5 Cir., 141 F.2d 419, decided March 3, 1944.

■ Nor did the authority to the trustees to use, in their sole discretion, the income from the gifts to the minors for their support and education during minority make the income from the gifts any less the minors' property. The discretion was sole only in that it was for the trustees alone to exercise. But, that did not mean that the trustees might exercise the discretion arbitrarily or capriciously. The discretion was a legal one and, therefore, reviewable by a court of competent jurisdiction for an abuse of its exercise. The discretion thus reposed took nothing away from the absoluteness of the gifts. The same may be said for the letter which one of the individual trustees wrote to the corporate trustee directing the latter to accumulate the income from the gifts to the minors. That letter evidenced no more than the individual trustee's exercise of her discretion and was wholly without effect so far as the minor beneficiaries' right to the income, even though accumulated, was concerned.

■ In our opinion an immediate and irrevocable gift to a minor in trust, not dependent for its consummation or continuation upon the happening of uncertain future events, constitutes a transfer of a present interest notwithstanding that the deed of gift provides for the accumulation of the income during the beneficiary's minority and authorizes the use thereof by the trustees, in their sole discretion, for the beneficiary's support and education during minority. Commissioner v. Taylor, 3 Cir., 122 F.2d 714 is, therefore, to be taken as overruled. It follows that the taxpayer in the instant case was entitled, on account of his gifts to his minor children, to the specific exclusions allowed by the Revenue Act. This conclusion makes it unnecessary for us to consider or pass upon the Commissioner's action in disallowing exclusions on gifts made in a prior year when computing the taxpayer's net gifts in the years involved in the present proceeding.

The decision of the Tax Court is reversed.

BIGGS, Circuit Judge.

I dissent. It is clear that the gifts to the minor beneficiaries are, in part, at least, gifts of future interests within the meaning of Section 504(b) of the Revenue Act of 1932. The indentures provide that the income unexpended for the immediate benefit of the minors shall be accumulated for their future [1] enjoyment when they reach their respective majorities. If one of the cestuis should die before reaching the age of twenty-one years, the accumulation for his benefit could not pass to his administrator for the indentures create spendthrift trusts. [2] If the accumulation passed to an administrator it would become liable to the deceased minor's debts and the purpose of the grantor in creating the spendthrift trusts would be destroyed. See Huber's

---

[1] See the definition of the term "future interests in property" contained in the committee reports recommending the legislation; H. Rept. No. 708, 72d Cong., 1st Sess., p. 29; S. Rept. No. 665, 72d Cong., 1st Sess., p. 41.

[2] See the "Protective Clause", paragraph "Third" of both indentures.

Appeal, 80 Pa. 348, 359.[3] Gifts of future interests were never clearer.

The Tax Court assimilates the facts of the case at bar to those of cases of discretionary trusts such as that discussed in Lillian Seeligson Winterbotham v. Com'r, 46 B.T.A. 972. The majority of this court take the view that the trustees are compelled to expend the income of the trusts for education, comfort and support of the minors and that therefore the gifts are of present interests. Taking the position of the majority to its extreme logical limit and conceding that income to be used for the immediate benefit of the minor cestuis constitutes a gift of a present interest, we find a future interest and a present interest embraced in the trusts. As the Tax Court points out, the trustees are the judges (in the first instance) of how much of the income from the gift is to be expended for the immediate benefit of the minors. That amount might be much or little as justified by the circumstances of the particular minor involved and it is impossible to determine the value of the present right or even to allocate it to the first $5000 in value of the gift. See Helvering v. Blair, 2 Cir., 121 F.2d 945, 947. It may be argued that since the right of a minor cestui to the use of the income for his education, comfort and support comes before accumulation and since the income from the first $5000 in value of the gift might not exceed the requirements of income for these purposes, the gift may be assumed to be one of present interest. Such an assumption, however, scarcely can stand as a basis for evaluating the gift of the present interest for the purpose of taxation.

It follows that I can perceive no sound reason why this court should overrule its decision in Commissioner v. Taylor, 3 Cir., 122 F.2d 714, certiorari denied 314 U.S. 699, 62 S.Ct. 479, 86 L.Ed. 559.

As to the second point raised by the petitioner I think it is clear that the statute of limitations does not preclude the reduction of the $40,000 specific exemption on account of gifts made in a previous barred year even though such gifts were not taxed in the earlier year. See Greenleaf Textile Corp. v. Commissioner, 26 B.T.A. 737, affirmed per curiam 2 Cir., 65 F.2d 1017, and Lord Forres v. Commissioner, 25 B.T.A. 154. See also Treasury Regulations 79 (1936 ed.), Article 5.

In my opinion the decision of the Tax Court should be affirmed.

---

[3] The majority consider the accumulation provisions of the trusts as " * * * but compliant recognition by the donor of what the law, out of its solicitude for the safeguarding of a minor's property, would have interposed in the absence of the donor's express direction in such regard." In my opinion this consideration is not pertinent because a present interest by definition (see that contained in the House and Senate Reports cited in note 1 supra) must be limited to present enjoyment. The question before us under the statute is the nature of the gift " * * * made to any person by the donor during the calendar year * * *"; that is to say, whether the gift embraced a future interest. We are not concerned in the case at bar with what the law of guardianship might do in another case. We are concerned with what the grantor did by the indentures sub judice.