W. S. GLENN, Jr., as Executor of the Estate of W. S. Glenn, Sr., (deceased donor), Plaintiff,

v.

R. C. PITTS, District Director of Internal Revenue for South Carolina, Defendant.

Civ. A. No. 1974.

United States District Court W. D. South Carolina, Spartanburg Division.

Nov. 14, 1956.

E. W. Johnson, Spartanburg, S. C., for plaintiff.

Joseph E. Hines, U. S. Atty., Spartanburg, S. C., Charles K. Rice, Asst. Atty. Gen., Andrew D. Sharpe, Theodore M. Carver, Kenneth P. Ray, Attys., Department of Justice, Washington, D. C., for defendant.

WYCHE, Chief Judge.

This is a suit for refund of gift taxes for the year 1951.

The facts are stipulated as follows:

1. That the Court has jurisdiction.

2. That plaintiff is the qualified executor of the Estate of W. S. Glenn, Sr., deceased, and is a resident of the City and County of Spartanburg, South Carolina.

3. That the defendant is the Director of Internal Revenue for the District of South Carolina, and was such Director on July 11, 1955.

4. That on July 3, 1951, W. S. Glenn, Sr., by a Trust Deed, a copy of which is attached as Exhibit "A" to the Complaint, conveyed in trust certain rental and partially improved real estate in the City of Spartanburg, appointing Frances Glenn Austell as Trustee. The beneficiary-grandsons Robert Milam Austell was about ten and Edward Callaway Austell was about fourteen at the time of the execution of the Trust. The Trust instrument was duly recorded on July 3, 1951, in the R. M. C. Office for Spartanburg County in Volume 17–Z, page 381.

5. On March 17, 1952, W. S. Glenn, Sr., filed Form 709, Federal Gift Tax Return, and paid the tax shown to be due thereon in the amount of $887.29, claiming as exclusion the sum of $6,000 at the rate of $3,000 for each grandchild.

6. The claim gift tax exclusion of $6,000 was disallowed and additional gift taxes for the year 1951 in the sum of $743.87 and interest thereon in the amount of $146.88 were assessed against the plaintiff and were paid on July 11, 1955, to the defendant by the plaintiff.

7. On October 27, 1955, plaintiff filed with the defendant a claim for refund of gift taxes for the year 1951 and the interest thereon in the total amount of $890.75.

8. On April 11, 1956, the claim for refund was formally rejected by the defendant by registered mail.

The pertinent provisions of the trust deed are as follows:

"The trust created by this instrument is made for the purpose of attempting to assure and secure suitable support, maintenance, education, etc., for the respective beneficiaries, and such beneficiary or beneficiaries shall have no power to anticipate or assign either the income or the principal passing to them under the provisions of this instrument and neither the income nor the principal shall be liable to be taken away from such beneficiary or beneficiaries by process of law or otherwise.

"The property hereinafter conveyed is for the use and benefit of my two grandchildren, Robert Milam Austell and Edward Callaway Austell, or the survivor of them, and this trust shall continue in effect until the younger living beneficiary reaches the age of twenty-one, except as hereinafter provided. When the younger living beneficiary reaches the age of twenty-one, then this

estate, or what at that time remains, shall be divided, if there are two, between them; if only one, then that one shall take all. However, should either of the beneficiaries become physically or mentally incapacitated, it is my desire, and I so direct, that this trust be continued as to that one until the disabilities are overcome or until his death. If neither of the beneficiaries reaches the age of twenty-one, then the property hereinafter conveyed, or the trust property in whatever form, shall go to my daughter, Frances Glenn Austell, individually, to be hers absolutely and forever.

"If, in judgment of the trustee, it is for the best interest of the beneficiaries, either one or both, that the corpus of the trust be invaded for furnishing educational advantages, either college, professional or graduate training, or when necessitated by illness or advisable medical attention, then for any of these designated reasons or reasons of an allied nature, the trustee has full power and authority to invade the corpus and the sole criterion shall be what at that time appears to be for the best interest of the beneficiary or beneficiaries.

"If more money has been, in the wisdom of the trustee or necessarily, spent for one beneficiary than the other, the trustee shall not be required to offset the advance against the distributive share, if equity and good conscience does not so demand."

The only question presented is whether the trust deed conveyed present or future interests in the trust property. If the beneficiaries acquired future interests under the trust deed, the donor was not entitled to gift tax exemptions under Section 1003(b) (3) of the Internal Revenue Code of 1939, 26 U.S. C.A. § 1003(b) (3).

There does not appear in the trust deed any provision on the part of the donor to make an immediate gift. Under the condition of survivorship the gift would not be consumed until a later date when, possibly, one or both of the primary beneficiaries might be dead. The corpus cannot be enjoyed until a future date except upon a contingency which was uncertain, that is, the trustee's discretion; the purposes for which the corpus might be invaded are limited and are not certain to occur, thereby making consumption of the gift during the trust term contingent upon future events. The spendthrift provisions likewise limit immediate enjoyment of the gift. It cannot be determined until the expiration of the trust term how much any beneficiary will receive, if he receives anything at all, because of the provision against offsetting advancements in the trustee's discretion and the conditions of survivorship. Moreover, as to the older grandson, if his younger brother lived, the trust was to continue after majority was attained.

It is my opinion that the trust deed does not convey to the beneficiaries an immediate gift, but conveys to them gifts of future interests in the property. Fondren v. Commissioner, 324 U.S. 18, 65 S.Ct. 499, 89 L.Ed. 688; Commissioner of Internal Revenue v. Disston, 325 U.S. 442, 65 S.Ct. 1328, 89 L.Ed. 1720; Herrmann's Estate v. Commissioner of Internal Rev. 5 Cir., 235 F.2d 440.

United States v. Baker, 4 Cir., 236 F.2d 317, 320, is not authority to the contrary. In that case the trustee was given the same control over the property that a guardian would have had. The Court pointed out in that case that the trust agreements " * * * created no barriers to the present enjoyment by the infants of the trust fund beyond those which are established by the laws of North Carolina. * * * the right of the beneficiaries to present enjoyment of both the corpus and the income is not different from what it would be if the gifts had been made directly to each of them, * * *."

In the case I have under consideration, the right of the beneficiaries to use and enjoy immediately the trust property is quite different from what it would have been if the gifts had been made directly to them. There are restrictions

782

on the invasion of the corpus; there are spendthrift provisions; there are survivorship conditions and there is a provision against offsetting advancements.

The case of Smith v. Commissioner, 8 Cir., 131 F.2d 254, is no longer authority to sustain plaintiff's contention since the decision of the United States Supreme Court in the Fondren case, supra. In the Fondren case, the Supreme Court upheld the Government's position by affirming the Fifth Circuit's decision, 141 F.2d 419. Certiorari had been granted because of the taxpayer's allegation that the Fifth Circuit's opinion conflicted *inter alia* with the Eighth Circuit's decision in the Smith case.

It is, therefore, my opinion that the gifts in this case were gifts of future interests and that judgment should be entered for the defendant, and

It is so ordered.