Nora McIntyre MUNGER, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Eugene MUNGER, Jr., Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. Nos. 1303–N, 1304–N.

United States District Court
M. D. Alabama, N. D.

Aug. 13, 1957.

Martin & Blakey, Montgomery, Ala., for plaintiffs.

Hartwell Davis, Montgomery, Ala., for defendant.

JOHNSON, District Judge.

Each of the above-styled causes seeks from the defendant recovery of internal revenue taxes allegedly erroneously assessed and collected by the defendant. These cases, having common questions of law and fact, were ordered consolidated as provided by Rule 42(a), Federal Rules of Civil Procedure, 28 U.S.C. Both cases are now submitted for a determination of the issues formed by the pleadings and exhibits thereto, stipulations of the parties, and the briefs filed upon behalf of the parties. The Court now proceeds in this memorandum opinion to make this determination and embodies herein the appropriate findings of fact and conclusions of law.

Eugene Munger, Jr., and Nora McIntyre Munger are husband and wife, and reside in Montgomery County, Alabama, within the jurisdiction of this Court.

During the taxable year 1952, Mrs. Munger conveyed certain real property to Mr. Munger as trustee for the benefit of their three minor children, Nora Louise Hamilton, Frederick McGuire Hamilton, and Eugenia Munger. At the date of the conveyance, the children were 16, 12 and 8 years of age, respectively. The plaintiffs filed their 1952 gift tax return, which reported these gifts to these children. The taxpayers, as provided by the law, signified and consented to having these gifts considered as being made one-half by each and therefore the returns of these plaintiffs revealed a gift of $112,500, each. Each taxpayer claimed an exclusion of $9,000, representing $3,000 for each of the children as beneficiaries of the trust. Mr. Munger's return reflected a gift tax liability of $9,960 and Mrs. Munger's in the amount of $16,683.65. This gift tax, as reflected by these returns, was paid. Upon a subsequent examination of these returns, the Commissioner of Internal Revenue determined that the 1952 gifts to these beneficiaries in trust were gifts of future interests in property, for which no annual exclusions were allowable under § 1003(b) (3) of the Internal Revenue Code of 1939, 26 U.S.C. § 1003(b) (3). The Commissioner, after making this determination, recomputed the tax liability of these plaintiffs and assessed Mr. Munger a deficiency of tax and interest thereon in the respective amounts of $1,890 and $265.96, which totalled $2,155.96, and was collected on July 21, 1955. A recomputation of Mrs. Munger's liability was also made and she was assessed a deficiency on her gift tax and interest in the respective amounts of $2,025 and $285.16, which total amount of $2,310.16 was collected on July 21, 1955. In May, 1956, each of these plaintiffs filed claim for refund of the tax allegedly erroneously assessed. These claims were disallowed on August 23, 1956. The exclusions were disallowed by the Commissioner "due to the fact that they are future interests. Because of the discretionary power of the trustee, it is not possible to ascertain the portion of the income of the corpus which will pass to the beneficiaries. Therefore, there is no basis for a conclusion that there [sic] are gifts of anything other than for the future. See [Commissioner of Internal Revenue] v. Gardner, 7 Cir., 127 F.2d 929; 42–1 U.S.T.C., 10,140 and [Commissioner of Internal Revenue] v. Disston, 325 U.S. 422, 65 S.Ct. 1328, 89 L.Ed. 1720; 45–2 U.S.T.C. 10,207."

The controversy in each of these cases arises from the contention of the taxpayers that the trust agreement insofar as the income rights to the beneficiaries are concerned creates present interests while this defendant contends it creates, as to these income rights, future interests. The litigation concerns only the income provisions of the trust, since the plaintiffs are not contending that the interests in the trust corpus are present interests. The sole issue in this case is, therefore, were the gifts of the income rights under this trust gifts of future interests or gifts of present interests within the meaning of § 1003(b) (3) of the Internal Revenue Code of 1939? If they were gifts of future interests, they were not qualified for the exclusions allowable under that section. If they were gifts of present interests, exclusions taken and the taxes as originally computed by these plaintiffs were correct and they are entitled to recover.

The determination of this issue necessitates a construction of paragraphs 4, 5, and 6 of the trust instrument. Those paragraphs are as follows:

"4. The Trustee shall hold the trust estate of each said child in trust for him or her until he or she shall attain the age of 21 years, at which time his or her trust estate shall be transferred and paid over to him or her free of this trust.

"5. During the minority of any said child entitled to one of said trust estates, the Trustee shall, at least annually, use, expend or apply for his or her benefit and comfort, the net income from his or her trust estate as the Trustee deems necessary or desirable for said purposes. Where it is herein directed that

420

funds shall be used and applied by the Trustee for the benefit of any beneficiary, the Trustee may in his discretion pay over such sums to the person having custody of such beneficiary or the beneficiary's legal guardian or to such other person as he may select, including the beneficiary, to be used and applied for the purposes herein directed, and the receipt of such person shall be full discharge to the Trustee as to any sums so paid.

"6. In the event that any beneficiary of any of the three trusts created hereunder shall die prior to the distribution to him or her of all of his or her said trust estate, leaving any descendent of him or her then living, then at the death of such beneficiary the Trustee shall transfer and pay over to the descendents then living of such beneficiary so dying, in equal shares per stirpes, the share of said trust estate then held in trust for such beneficiary so dying; provided that if any descendent of any such beneficiary so dying shall not at said time have attained the age of twenty-one years, then though the share of such descendent in said trust estate shall be deemed then to have vested in him or her, the Trustee shall continue to hold the same in trust for him or her until he or she shall attain said age of twenty-one years, using and applying for his or her benefit and comfort such part of the net income from his or her said share of said trust estate and of the principal thereof as the Trustee deems necessary or desirable for said purposes.

"In the event that any beneficiary of any of the three trusts created hereunder shall die prior to the distribution to him or her of all of his or her said trust estate, leaving no descendent of him or her then living, then at the death of such beneficiary, the Trustee shall transfer and pay over the trust estate then held in trust for such beneficiary so dying to such of the other surviving beneficiaries hereunder as are then living, in equal shares, provided that the share of any such surviving beneficiary shall be added to, merged in and administered and disposed of like such other property then held in trust under the terms of this instrument for such surviving beneficiary.

"In the event that any beneficiary of any of the three trusts created hereunder shall die prior to the distribution to him or to her of all of his or her said trust estate, leaving no descendent of him or her then living, and no brothers or sisters of such beneficiary are then surviving, then at the death of such last surviving beneficiary, the Trustee shall transfer and pay over the trust estate then held in trust for such beneficiary so dying to his or her heirs at law."

The issue presented in these cases has, with many variations, been presented to the courts innumerable times.

The statutes and regulations involved are:

Internal Revenue Code of 1939:

"§ 1003. Net gifts.

"(a) *General definition.*—The term 'net gifts' means the total amount of gifts made during the calendar year, less the deductions provided in section 1004.

"(b) *Exclusion from gifts.*

\* \* \* \* \* \*

"(3) [as added by Sec. 454 of the Revenue Act of 1942, c. 619, 56 Stat. 798] *Gifts after 1942.*—In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1943 and subsequent calendar years, the first $3,000 of such gifts to such persons shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year." 26 U.S.C. 1952 ed., § 1003.

Treasury Regulations 108, promulgated under the Internal Revenue Code of 1939:

"Sec. 86.10. *Total Amount of Gifts.*—Except with respect to any gift of a future interest in property, the first $3,000 of gifts made to any one donee during the calendar year 1943 or during any calendar year thereafter shall be excluded in determining the total amount of gifts for such calendar year. In the case of a gift in trust, the beneficiary of the trust is the donee of the gift. * * * The entire value of any gift of a future interest in property, and the entire value of any gift made by a transfer in trust during the calendar years 1939 to 1942, inclusive, must be included in the total amount of gifts for the calendar year in which such a gift is made.

"Sec. 86.11. *Future Interests in Property.*—No part of the value of a gift of a future interest may be excluded in determining the total amount of gifts made during the calendar year. 'Future interest' is a legal term, and includes reversions, remainders, and other interests or estates, whether vested or contingent, and whether or not supported by a particular interest or estate, which are limited to commence in use, possession or enjoyment at some future date or time. The term has no reference to such contractual rights as exist in a bond, note (though bearing no interest until maturity), or in a policy of life insurance, the obligations of which are to be discharged by payment in the future. But a future interest or interests in such contractual obligations may be created by the limitations contained in a trust or other instrument of transfer employed in effecting a gift. * * * "

██ In making the necessary interpretation of this trust instrument, it is the intention and purpose of the settlor that must be ascertained, since the intent or purpose of the settlor becomes the law of the trust. The answer to this question must be found by ascertaining the intent of the settlor in the following sentence of paragraph 5:

"During the minority of any said child entitled to one of said trust estates, *the Trustee shall, at least annually, use, expend, or apply for his or her benefit and comfort, the net income from his or her trust estate* as the trustee deems necessary or desirable for said purposes." (Emphasis supplied.)

As is often the case, where a small part of the instrument must be construed, it is necessary to look at other parts of the instrument to determine the intent or purpose. That is the reason that paragraph six (as well as four and five) has been set out above. It should be noted that paragraph 6 relates to the disposition of a child's interest in the trust if such child should die before reaching the age of twenty-one and should be survived by a descendent of its own. In that event, the trustee is instructed to continue to hold the child's interest in trust for such descendent until such descendent attains the age of twenty-one years, and, during such period, to use and apply for his or her benefit and comfort *"such part* of the net income from his or her share of said trust estate and of the principal thereof as the Trustee deems necessary or desirable for said purposes." (Emphasis supplied.) As has already been noted, in paragraph 5 the words "such part" are not used; only the words "the net income" are used.

Both of the plaintiffs and the defendant in each case cite Fondren v. Commissioner of Internal Revenue, 1944, 324 U.S. 18, 65 S.Ct. 499, 89 L.Ed. 668 and Commissioner of Internal Revenue v. Disston, 1945, 325 U.S. 442, 65 S.Ct. 1328, 89 L.Ed. 1720, to sustain their positions. Plaintiffs contend that the language of paragraph 5, specifically that sentence of paragraph 5 immediately set out above of the trust instrument, imposes upon the trustee mandatory instructions to distribute the net income of the trust estate at least annually; that

the discretion that is placed in the trustee by that part of said instrument "as he deems necessary or desirable" is specifically defined in the last part of paragraph five of the trust instrument, and, therefore, that the trustee's discretion by the explicit terms of the instrument relates to the "manner or means" of distribution and not to whether the income should be or must be distributed or withheld. As was pointed out by the Government in its brief, it is obvious that this trust instrument was expertly drawn by one having a knowledge and understanding of the law controlling such questions as are now before the Court.

In the Fondren v. Commissioner of Internal Revenue case, which went up from this Circuit, the trusts involved were created for purposes very similar to this trust. Article III of the trust instrument in that case was as follows:

"* * * [T]he Trustee shall provide for the support, maintenance and education of our said Grandson, using only the income of said estate for the purpose if it be sufficient. If it be necessary to use any of the corpus of the estate for that purpose *and in the judgment of the Trustee it is best to do so,* said Trustee *may make advancements out of the corpus* of said trust estate for such purpose for the benefit of our said Grandson.

"It is contemplated, however, that our said Grandson will have other adequate and sufficient means of support, and that it will not be necessary to use either the income or the corpus of the trust estate hereby created to properly provide for his education, maintenance and support; and, if the income from the trust estate be not needed for these purposes, then all of the income from said trust estate not so needed shall be by the Trustee passed to capital account of said trust estate, and shall be and become a part of said trust estate, it being our hope that all of the earnings and income of said trust estate during the period

of this trust may be used to augment the trust estate and be delivered to our said Grandson at the periods herein provided for * * *."
324 U.S. at pages 22–23, 65 S.Ct. at page 502.

The court in that case pointed out that the intention of the grantors was that the income should be accumulated except upon the unexpected contingency of need on the part of the beneficiaries, and, further, that any need was highly unlikely and that, therefore, distribution in that case depended upon a contingency which might never arise. In this connection, the court said:

"* * * That contingency, by the explicit terms of the trust, was the existence of need which was then nonexistent and, in the stated contemplation of the donors, was not likely to occur in the future, at any rate during the child's minority * * *." 324 U.S. at page 24, 65 S.Ct. at page 503.

The court further said:

"* * * it is urged that unless these gifts are to be taken as conferring the right to immediate enjoyment, no gift for the benefit of a child of tender years can be so regarded since in any such case 'some competent person must be the primary judge as to the necessity and extent of reasonable requirements of the beneficiary.' The argument is appealing, in so far as it seeks to avoid imputing to Congress the intention to 'penalize gifts to minors merely because the legal disability of their years precludes them for a time from receiving their income in hand currently.' Cf. Disston v. Commissioner of Internal Revenue, 3 Cir., 144 F.2d 115, 119. But we think it is not applicable in the facts of this case, since by the terms of the trusts and the facts recited in the instruments none of the fund, whether income or corpus, could be applied immediately for the child's use or enjoyment." 324 U.S. at page 29, 65 S.Ct. at page 505.

In the trust instrument now before the Court, the trustee "shall, at least annually" do something. The word "shall", has an imperative and mandatory sense as opposed to a permissive sense. The word "shall" imposes upon the trustee in this case a duty to take some action. What action is made mandatory clearly appears by the words immediately following, and they are that the trustee "shall use, expend, or apply for his or her benefit and comfort." That is to say, the income from each trust must be annually expended by the trustee for the designated purpose. The next question is how much is to be applied by the trustee for that purpose, and the answer to that is found in "the net income"; meaning, of course, all of the net income. This trust instrument does not say that part of the net income that the trustee might consider desirable, but says "the net income"; that leaves no discretion in this trustee. The only discretion that is left in him is the *manner and means* as to how he will apply it, not whether he will apply it, not how much he will apply, and not when he will apply it. The manner and-means that he will apply it is as "the trustee deems necessary or desirable for said purposes."

In the Fondren case, supra, it was not necessary for the trustee to take any action unless "in the judgment of the Trustee it is best to do so * * *." That is not true in this case. In the case of Commissioner of Internal Revenue v. Disston, supra, certain trusts were created and the trustee was directed "to accumulate the net income therefrom [the corpus] for the benefit of William L. Disston until he reaches the age of twenty-one years, at which time to pay over to him all accumulated income, and thereafter to pay over to him in not less than quarterly instalments the entire net income derived therefrom during his lifetime; provided, however, that upon his reaching the age of forty-five years one-half of the principal of his share shall be paid over to him free and discharged of all trusts; * * *." [325 U.S. 442, 65 S.Ct. 1329.] The trust further provided

for two minor children and also provided "that the trustees should hold the minors' shares during their respective minorities, 'and during such time shall apply such income therefrom *as may be necessary* for the education, comfort and support ·of the respective minors, and shall accumulate for each minor until he or she reaches the age of twenty-one years, *all income not so needed.*'" (Emphasis supplied.) The court in that case said:

"The language of the trust instrument directs that the income be accumulated during minority. *The subsequent provision for payments for maintenance and support may be said to indicate a departure from the policy of accumulation only when necessary* in the reasonable discretion of the trustees * * *." 325 U.S. at page 448, 65 S.Ct. at page 1331. (Emphasis supplied.)

The court continued:

"But, even though the trustees were under a duty to apply the income for support, irrespective of outside sources of revenue, there is always the question how much, if any, of the income can actually be applied for the permitted purposes. The existence of a duty so to apply the income gives no clue to the amount that will be needed for that purpose, or the requirements for maintenance, education and support that were foreseeable at the time the gifts were made. In the absence of some indication from the face of the trust or surrounding circumstances that a steady flow of some ascertainable portion of income to the minor would be required, there is no basis for a conclusion that there is a gift of anything other than for the future * * *." 325 U.S. at pages 448–449, 65 S.Ct. at page 1331.

In the Disston case, the basis for the court's holding that the trust instrument created future interests was that it was impossible to determine, because of the authority granted to the trustee to dispose of part (up to 10%) of the corpus or trust, how much, if any, of the income

could be applied for the maintenance and education of the children. In the case now before this Court, that is not true. Here, the trustee is not authorized to dispose of any of the corpus of the trust; therefore, the amount of the income from the corpus to be distributed to the beneficiaries here is ascertainable. All of it "shall, at least annually" be so used. Again, the trustee has no discretion in this case.

The Government here urges that the Court follow the case of Commissioner of Internal Revenue v. Phillips' Estate, 5 Cir., 1942, 126 F.2d 851, 852, where the trust instrument, being construed by the court, provided that, after paying the expenses incident to the administration of the trust, the trustee was to pay out of the income and revenue "if he sees fit to do so" to the beneficiaries "an allowance in such amount as he may deem desirable or necessary, with the power in his discretion from time to time to increase or decrease the said allowance whenever he deems it to the best interest of said beneficiaries to have such allowance increased or decreased." The instrument in that case went on to say that "nothing herein contained shall be construed to make it obligatory or mandatory on the trustee to pay any income or allowance to said beneficiaries * * *." It is obvious that the facts that were before the court in that case make it inapplicable to the present cases.

In the opinion of this Court, the case of Herrmann's Estate v. Commissioner of Internal Revenue, 5 Cir., 1956, 235 F. 2d 440, 442, is controlling in these cases. The trust instrument, being construed by the court in that case, provided "the annual net income of each trust shall be distributed to or expended for the use and benefit of its respective beneficiary or beneficiaries by the trustee." The Commissioner of Internal Revenue in that case held the transfers in trust were gifts of future interests. There was not much doubt but that the gifts of corpus in that case, as in these cases, were gifts of future interests. However, Judge Jones (after referring to the fact that

the gifts of the corpus were gifts of future interests), in speaking for the court, said:

"The situation with respect to the payment of the trust income is different. The net income of each trust is to be distributed to or applied for the benefit of the beneficiary. As was said in Fondren v. Commissioner of Internal Revenue, supra, 'Accordingly, it has been held that if the income of a trust is required to be distributed periodically, as annually, but distribution of the corpus is deferred, the gift of the income is one of a present interest, that of the corpus one *in futuro*.' The direction to pay out the income was unconditional. There were no provisions as would result in the creation of a future interest as a discretion in the trustee to pay or withhold, or to pay so much of income as necessary for support and maintenance."

The court in the Herrmann's Estate case went on to hold that the gift of the trust income was a gift of future interests and denied exclusion, but did so solely because the trust instrument there authorized the distribution of all or any portion of the principal, making it impossible to determine how much of the net income would be available for distribution to the beneficiaries of the trust. In that connection, the court stated:

"The trust instrument not only directs the payment of net income to or for the beneficiaries but authorizes the distribution of all or any portion of principal if, in the sole judgment of the trustee, it is necessary or advisable for the education, maintenance or support of the beneficiary."

No such authority, as has already been stated, was granted to the trustee in the cases now before this Court.

Therefore, the cases of Fondren v. Commissioner of Internal Revenue, Commissioner of Internal Revenue v. Disston, Commissioner of Internal Revenue v.

Phillips' Estate, all supra, are distinguishable by the terms of the trust there being construed and the facts surrounding the trust instrument.

This Court, therefore, concludes that the beneficiaries here by this trust instrument received a present interest in the income of the trust estate, and, as it was concluded by the court in the case of Smith v. Commissioner of Internal Revenue, 8 Cir., 131 F.2d 254, the discretion that was vested in the trustee was merely as to the manner and means of executing the command of the settlor and the instrument did not give the trustee any authority to set aside the express purpose of the trust. The income rights conferred by the trust in these cases are rights of present interests and qualify for the exclusion provided by § 1003(b) (3) of the Internal Revenue Code of 1939.

Orders of judgment will be drawn in each case in accordance with the foregoing.