MARY PYNE FILLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 98818. Promulgated November 25, 1941.

*Allen G. Gartner, Esq.,* and *Edward I. Sproull, C. P. A.,* for the petitioner.

*J. R. Johnston, Esq.,* for the respondent.

**OPINION.**

MURDOCK: It is provided in section 162 (b) of the Revenue Act of 1936 that a trust shall be allowed a deduction of the amount of the income of the "trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries", and in section 162 (c) that "in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated", the amount which is properly paid or credited during such year to the beneficiary

shall be allowed as a deduction. The amount allowed as a deduction under either of the above provisions is required to be included in computing the net income of the beneficiary. The Commissioner has made his determination upon the theory that the income of each trust was taxable to the beneficiary under section 162 (b) as income which was to be distributed currently by the fiduciary to the beneficiary. Actual receipt by the beneficiary during the taxable year is not essential under that provision. Cf. *Freuler* v. *Helvering*, 291 U. S. 35; *Willcuts* v. *Ordway*, 19 Fed. (2d) 917. The petitioner contends that the trustee had the discretion to accumulate the income of this trust or to distribute it to the beneficiary, consequently, (c) applies, and, since none of the income was actually paid to the beneficiary during the year, none of it is taxable to the petitioner. Although the proof does not show that the income was not properly credited to the petitioner during the year, decision need not turn upon this failure of proof.

"Accumulated" in (c) is used in opposition to "distributed currently" in (b). The latter is intended to cover all cases where the trust instrument imposes a duty upon the trustee to make a prompt or periodic distribution of the trust income to the beneficiary. *Commissioner* v. *Stearns*, 65 Fed. (2d) 371; *Commissioner* v. *First Trust & Deposit Co.*, 118 Fed. (2d) 449, affirming 41 B. T. A. 107; *Freuler* v. *Helvering, supra; Florence M. Smith, Executrix*, 5 B. T. A. 225. Cf. *Albert J. Appell et al., Executors*, 10 B. T. A. 1225. (c), by its express terms, covers only those cases where the fiduciary has the right and the duty to choose between prompt distribution and accumulation beyond the time when a prompt distribution would normally have been made. Discretion requires the exercise of judgment and reason. It involves consideration of whether, on the one hand, there is good reason to distribute and no justification for withholding, or whether, instead, he should deliberately refrain from distributing at the usual time and withhold for some definite reason which, in his opinion, better carries out the purpose of the trust than would a current distribution. A provision for the distribution of "net" income does not make (b) inapplicable. This is so even though distribution is not to be made until after the close of the year in which the income is earned by the trust. Income which is distributed annually is being distributed currently, as well as promptly and periodically, and comes within (b), upon authority of the cases above cited. The grantor in the present case did not intend that the income of either trust should be accumulated within the meaning of that word as it is used in (c), but intended that the income should be distributed currently to the beneficiary within the meaning of (b). This is apparent from the words he used in the trust instruments.

Similar words have been similarly interpreted. Cf. *Leo A. Bal-zereit et al., Guardians*, 38 B. T. A. 345; affd., 107 Fed. (2d) 1008; *Leonard Marx*, 39 B. T. A. 537; *Sewell* v. *United States*, 19 Fed. Supp. 657. The only discretion given under the two trusts here in question was a discretion to the trustees of the *inter vivos* trust to pay the income directly to the beneficiary or to apply the same to her use and benefit. That is not a discretion to accumulate within the trust and is not the kind of discretion which brings the case within (c). The income was not to be accumulated, but was to be distributed currently, either directly to the beneficiary or for her use and benefit. It is taxable to the beneficiary.

The Commissioner, by an amended answer, raises the issue that he erred in allowing the petitioner a deduction of $12,660.80 under section 23 (a). That amount included the office expenses, fees for investment counsel, for custodian, and for accounting, as well as two other small charges. Recent decisions hold that merely keeping records, collecting interest and dividends, and keeping funds invested, with or without the aid of investment counsel, and regardless of the size of the estate, do not constitute carrying on a trade or business within the meaning of section 23 (a). *Higgins* v. *Commissioner*, 312 U. S. 212; *City Bank Farmers Trust Co.* v. *Helvering*, 296 U. S. 85; *United States* v. *Pyne*, 313 U. S. 127; *Wilcox* v. *Commissioner*, 119 Fed. (2d) 899; *Helvering* v. *Wilmington Trust Co.*, 124 Fed. (2d) 156; *Estate of Mary R. Donald*, 43 B. T. A. 1114; and *Estate of Elizabeth Felt*, 44 B. T. A. 593. The facts in the present case, when considered in the light of the foregoing cases, permit no other finding than that the petitioner was not engaged in any trade or business during 1935.

It is unnecessary to decide whether the activities of the petitioner relating to the rental of one house in New York City constituted the operation of a business or whether a proportionate part of the expenses properly allocable thereto should be allowed as a deduction. The general office expenses are not deductible in any event, since they were not paid by the petitioner. See further discussion in the last paragraph of this opinion. Obviously, no part of the investment counsel fees or the custodian fees could be allocated to the real estate. No basis for allocation of any of the other expenses to the real estate is shown in the record and, furthermore, any part which might properly be allocable thereto is too insignificant for further consideration.

The petitioner contends that, if the office expenses are to be disallowed as a deduction, then she erred in including in her income the amount of $8,505.84 described as trustees' commission. This point is well taken. She never received any commission for her services. She and her brothers intended to contribute their services to the trusts under their father's will without charge. The money in question was

withdrawn directly from the testamentary trusts to pay office expenses for the office from which the affairs of those trusts were conducted. It was merely intended to pay the office expenses of the trusts from the trust funds. The withdrawal of the money from the trusts did not benefit the petitioner personally and the fact that she called it trustees' commission in her return does not make it so. She erred in including it as part of her gross income.

*Decision will be entered under Rule 50.*