**SAULSBURY v. UNITED STATES.**

No. 3213–M–Civ.

United States District Court
S. D. Florida, Miami Division.

Aug. 30, 1951.

Dixon, DeJarnette & Bradford, Miami, Fla., Rauch, Chase & Kitchen, Indianapolis, Ind., for plaintiff.

Herbert S. Phillips, U. S. Atty., Tampa, Fla., Ernest L. Duhaime, Asst. U. S. Atty., Miami, Fla., for defendant.

WHITEHURST, District Judge.

This cause was submitted on stipulated facts, which the Court adopts as its finding of fact herein, and which are substantially as follows:

Plaintiff, Marjorie F. Ridgely Saulsbury, is now the wife of Willard Saulsbury, III, to whom she was married in the year 1945. Plaintiff was previously married for more than seventeen years to Henry D. Ridgely, a citizen of the United States and a resident of the State of Indiana, who died on March 29, 1942.

On June 19, 1930, the said Henry D. Ridgely, hereinafter called the "Donor", established a trust, of which American National Bank at Indianapolis is now Trustee, hereinafter referred to as Trustee, and at that time conveyed in trust certain shares of the Common Capital Stock of Eli Lilly and Company, an Indiana corporation. Donor reserved to himself the income from this trust, and retained the right to determine the disposition of the corpus. On April 23, 1936, Donor executed an amendment of the original trust instrument. Under the amended instrument, the income of the trust was to be paid to the Donor for life and, at his death, to his wife. The amending instrument provided in part as follows:

"Income

"1. The Trustee shall pay the net income from the trust estate in monthly installments to the Donor for and during the term of his natural life.

"2. Upon the death of the Donor, the Trustee shall pay the net income from the trust estate in monthly installments to Marjorie Fletcher Ridgely, the wife of the Donor, for and during the term of her natural life.

"Corpus

"1. Upon the death of the Donor, the Trustee shall pay over and distribute to Marjorie Fletcher Ridgely, the wife of the Donor, one-half of the entire corpus and principal of the trust estate.

"2. The remainder of the corpus and principal of the trust estate shall be retained by the Trustee for and during the period of the natural life of said Marjorie Fletcher Ridgely, the wife of the Donor; and on the death of said Marjorie Fletcher Ridgely, the wife of the Donor, the Trustee shall pay over and distribute all of the remaining corpus and principal of the trust estate to such person or persons as the said Marjorie Fletcher Ridgely shall appoint, either by an instrument in writing to be delivered by her to the Trustee prior to her death or by the exercise of this power of appointment in her last will and testament.

"3. The Trustee shall pay, out of the corpus, any and all death duties, estate tax, inheritance tax, transfer tax or other levy or tax which may be laid or assessed by the United States of America or any State taxing authority upon any assets constituting the whole or any portion of the corpus of this trust."

Donor died on March 29, 1942. In the last will and testament of Donor it was directed that all his just debts should be paid and the executor was directed to pay all taxes including estate taxes levied or assessed against the estate. All the remainder of the estate was devised and bequeathed unto his wife who was nominated executrix.

The will of Henry D. Ridgely was duly admitted to probate and Marjorie F. Ridgely qualified as executrix. She later was discharged and another executor, Albert Ward, appointed. On July 28, 1943, Albert Ward filed his final report as administrator, stating that all debts, including estate taxes, had been paid, and he was discharged.

As residuary legatee of the estate of Henry D. Ridgely, Marjorie F. Ridgely re-

ceived assets of a total net value of $9,-179.73.

An estate tax return was filed for the estate of the decedent after his death which did not include in the value of the gross estate the value of the property conveyed in trust under the original trust indenture of June 19, 1930, hereinafter referred to as the "Ridgely Trust", although disclosure was made of facts relative to such transfer in trust.

The Commissioner of Internal Revenue, under date of October 11, 1943, advised Mr. Ward, as administrator, of a proposed deficiency in estate tax of $175,199.10, resulting from the inclusion in the gross estate of $525,751.00 representing the value of the property under the Ridgely Trust. After protest by the executor and the Trustee, and after conferences, the proposed deficiency was reduced by including the amount of $335,336.53, representing 65.-183% of the value of the corpus of the trust in the gross estate, resulting in a net tax deficiency of $97,180.44.

The deficiency of $97,180.44 in estate tax, together with interest thereon in the sum of $4,724.56, making a total of $101,-905.00, was assessed in July 1944. A further assessment in the amount of $1,019.05 was made in September 1944. On July 7, 1944, the Trustee advised the Collector of Internal Revenue that it wished to make arrangements for the raising of the money to pay the estate tax deficiency, and the Collector agreed not to issue any warrant of distraint until the Trustee could apply to the September Term of the Probate Court of Marion County, Indiana, for advice and instructions.

On September 8, 1944, the Trustee filed its petition with the Probate Court of Marion County, setting forth the facts as to the creation of the trust and the amendment thereof, the facts as to the deficiency assessment, and stating that in order to make the payments on the assessment it would be necessary for the Trustee to borrow $90,000, to be secured by a note payable on or before five years, with interest. The Trustee further requested the court that it, as Trustee, be authorized to pay the taxes and be empowered and directed to borrow money from the American National Bank at Indianapolis and to pledge 12,500 shares of the Common Capital Stock of Eli Lilly and Company as security for re-payment of the loan. On the same day the court entered an order directing the Trustee to pay the tax, to borrow $90,000 from the American National Bank at Indianapolis, and to pledge as collateral security the shares of the Common Stock of Eli Lilly and Company. Paragraph 4 of said order reads as follows: "4. That in view of the necessity of applying dividends received on the common capital stock of Eli Lilly and Company held by said Trustee, in order to pay the principal and interest on the money hereby authorized to be borrowed to discharge and pay estate and inheritance taxes levied in respect of the property of said trust, the Trustee is hereby directed to use all dividends received on the common capital stock of Eli Lilly and Company held in trust from the 16th day of September, 1942 (after the payment of compensation for said Trustee and its attorneys, all expenses of the administration of said trust, and all taxes) in discharge of the obligation hereby authorized to be created, that is, in payment of the principal and interest of said note; and it is further ordered and directed that until said note is paid, both as to principal and interest, that said Trustee shall make no further payments of income of any kind or character to the life beneficiary of said Trust."

On October 16, 1944, the Trustee filed its report showing payment to the Collector of Internal Revenue on account of the deficiency assessment, and on the next day the Probate Court entered its order approving the report. The trust was thereupon removed from the docket of the court, it being stated that the court would no longer supervise the administration of the trust.

For the years 1942, 1943, 1944 and 1945, the Trustee filed fiduciary income tax returns and paid the taxes shown therein to be due. On these returns the Trustee did not report any income as distributable to Marjorie F. Ridgely Saulsbury, and did

not take any deduction for any income distributable to the beneficiary.

Plaintiff filed individual income tax returns for the years 1943, 1944 and 1945, and paid the taxes shown due thereon. In these returns she did not include any income from the Ridgely Trust. Upon examination of the returns, the Commissioner of Internal Revenue determined that the net income of the trust was distributable to the beneficiary, the plaintiff herein. He accordingly advised the Trustee of over-assessments for the years 1942 to 1945, inclusive, and advised the plaintiff of deficiencies for the years 1943 to 1945, inclusive, resulting from inclusion in her income of the net income of the Ridgely Trust for those respective years. After protest made, the Commissioner assessed deficiencies for the years 1943, 1944 and 1945, which were duly paid by the plaintiff. She thereafter filed claims for refund, alleging that she was not taxable on any income of the Ridgely Trust. At the time of the filing of this suit more than six months had elapsed since the filing of the claims and no action thereon had been taken by the Commissioner of Internal Revenue.

It is further stipulated by the parties that except for the amounts of net income of the Henry D. Ridgely Trust, plaintiff, Mary F. Ridgely Saulsbury, has correctly reported her income for 1943, 1944 and 1945; and it is further stipulated between the parties that if the income received by the American National Bank at Indianapolis as Trustee of the Henry D. Ridgely Trust, established June 19, 1930, during such years should have been included in plaintiff's taxable income, then she is not entitled to recover anything by this action.

It is further stipulated between the parties that if, under the law, the income received by the American National Bank at Indianapolis as Trustee of the Henry D. Ridgely Trust, established at the time aforesaid, during the years 1943, 1944 and 1945, is not properly taxable to plaintiff, then plaintiff is entitled by this action to recover from defendant the sum of $39,159.80, plus interest at the rate of 6% per annum from December 29, 1948.

Upon this statement of the facts we will proceed to consider the issue of law presented for determination, which is whether applicable provisions of the Internal Revenue Code rendered the plaintiff subject to Federal income tax liability on net income of the Ridgely Trust for the years in question.

Section 161 of Internal Revenue Code, 26 U.S.C.A. § 161, provides for the payment of income tax by a trustee on the income of a trust. Section 162 of Internal Revenue Code, 26 U.S.C.A. § 162, provides that the net income of the trust shall be computed in the same manner as in the case of an individual, with certain exceptions. Among these exceptions are the provisions of Section 162(b), Internal Revenue Code, which provide that there shall be allowed as an additional deduction in computing the net income of the trust the amount of the income of the trust for its taxable year, which is to be distributed currently by the fiduciary to the beneficiaries, but that such amount shall be included in computing the net income of the beneficiaries, whether distributed to them or not.

█ It is apparent that the liability of the plaintiff for income tax on the net income of the Ridgely Trust for the years in question depends upon the interpretation of the phrase "income * * * which is to be distributed currently" as it appears in Section 162(b) of the Code. This phrase has often been construed and its meaning settled as referring to the instrument containing the terms of the trust. That is, "income * * * which is to be distributed currently" is income directed by a will or deed to be currently distributed. This construction was nicely phrased in Baltzell v. Mitchell, 1 Cir., 3 F.2d 428, 431, wherein the court said: "Whatever the net income of the estate might have been in any year, it is necessary to resort to the instrument containing the terms of the trust to determine her distributive share. Therefore the distributive share which Congress must have had

in mind and intended to be taxed was the distributive share of the income allotted to her under and in accordance with the terms of the trust." and as stated in Filley v. C. I. R., 45 B.T.A. 826: "The latter [162(b)] is intended to cover all cases where the trust instrument imposes a duty upon the trustee to make a prompt or periodic distribution of the trust income to the beneficiary."

It is contended by the taxpayer in this case that since the order entered by the Indiana Probate Court prevented the distribution to the plaintiff of the income from the Ridgely Trust, that such income was not distributable under the provisions of Section 162(b) of Internal Revenue Code and, therefore, not taxable in her hands; and plaintiff's counsel rely on the principle of Freuler v. Helvering, 291 U.S. 35, 54 S.Ct. 308, 78 L.Ed. 634.

Plaintiff's contention in this regard cannot be supported by the holding in that case, since the issue of law resolved by that case is whether the decision of a State court is necessary to determine the present right of property and distribution in the absence of any direction under the terms of the trust instrument involved. In the case here, the terms of the trust are unambiguous and direct the monthly distribution of income to the beneficiary. The order of the Indiana Probate Court enjoining the distribution of income from the trust to the beneficiary, and directing its application to the payment of indebtedness incurred by the Trustee for the purpose of discharging a tax lien, may have been expedient and for the benefit of the trust, but this judgment is not of the character or nature contemplated by the principle of Freuler v. Helvering, supra, as binding upon the Commissioner. Whatever benefits may have accrued to the trust by virtue of the order of the Probate Court, although perhaps desirable under the circumstances, would not afford a test for distributability under said Section 162(b), nor would the Commissioner be bound by orders of this nature. State court orders are binding upon the Commissioner in those cases where the right to receive the income

of the trust is not determinable by reference to the trust instrument and there is the consequent necessity of judicial determination by the State court fixing the right of property as a matter of law and its consequent distributability. If distributability of trust income is to be determined by an order or judgment of a State court with jurisdiction, influenced and determined by expediency, as distinguished from the plain direction of the trust instrument, then there can be no uniform application of the Federal tax law. See Burnet v. Harmel, 287 U.S. 103, 53 S.Ct. 74, 77 L.Ed. 199.

There was no genuine issue of law in this case as to the right of property or the time of its distribution necessitating a determination by the Indiana Probate Court of the right of beneficiary to receive the income of the trust. Had the order of the Probate Court been to settle a bona fide controversy as to the right of property, i. e., the right of the beneficiary to receive income of the trust, there might be a different question here, assuming jurisdiction and absence of collusion.

It was not necessary to invoke jurisdiction of the local tribunal to determine the extent of property right or the time of its enjoyment. The extent of the bequest and the time of its enjoyment were clearly defined in the trust instrument, and the order of the Probate Court frustrated the clear and unambiguous direction of the Donor in that regard. It was the duty of the Trustee to deduct the net income of the trust from its return for the years in question, and such income was taxable as income to the beneficiary whether received by her or not.

The Commissioner's conception of the law applicable was correct.

It is next contended by the taxpayer that the income of the trust was not distributable for the years in question (except for the year 1945) to the beneficiary because the Indiana inheritance tax statute prohibits distribution of gross income collected by the Trustee to a beneficiary until the State tax is paid. An inspection of the statute discloses that it is

not applicable to gross income. The statute in question is as follows:

"Payment of tax—Powers of executor, administrator, or trustee.—Every executor, administrator, or trustee, shall have full power to sell so much of the property of the decedent, as will enable him to pay such tax, in the same manner as he is authorized by law to do for the payment of the debts of the testator or intestate.

"He shall not deliver, or be compelled to deliver, any specific legacy, or property, *subject to tax, under this act,* to any person until he shall have paid the tax thereon. If any such legacy shall be charged upon, or payable out of real property, the tax shall remain a lien or charge on such real property until paid. * * *" (Emphasis supplied.) Burns' Ann.St.Ind. § 6-2416.

No case of the Indiana courts construing this statute as applicable to the question here, has been cited to support plaintiff's contention. In the absence of a determination by an appropriate Indiana court, it is this Court's opinion that the trust income involved in this case was not such legacy or property as was subject to tax under the cited statute, but that the term "subject to tax" would have reference to the corpus of the Ridgely Trust and not gross income as contended by the plaintiff.

The third contention of the plaintiff is that "trust income applied by the Trustee to pay a trust debt incurred in turn by the Trustee to pay Federal and State taxes due from the Trustee, does not constitute income taxable to the beneficiary as a constructive receipt by her". And the fourth contention asserted by the plaintiff is that "under the terms of the Ridgely Trust only 'net income' is payable to the plaintiff, and is is clear that Federal taxation can only extend to the beneficiary's equitable interest under the trust instrument. If there be no net income there is no tax to the plaintiff". These questions are necessarily disposed of by determination of plaintiff's first contention.

The Clerk is directed to enter judgment herein for defendant, with costs against plaintiff.