E. Roy ALBRIGHT, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 2363.

United States District Court
S. D. Alabama, S. D.

June 8, 1961.

Armbrecht, Jackson, McConnell & DeMouy, Mobile, Ala., for plaintiff.

Ralph Kennamer, U. S. Atty., Mobile, Ala., Thomas A. Frazier, Jr., Attorney, Dept. of Justice, Washington, D. C., for defendant.

DANIEL HOLCOMBE THOMAS, District Judge.

This is an action for refund of certain additional taxes assessed and paid on gifts made to an *inter vivos* trust established by plaintiff-taxpayer for his four minor granddaughters. Trial was before the District Judge, sitting without a jury. The Court, having carefully considered the stipulations and evidence of the parties and the briefs and arguments of counsel, now makes and enters the following findings of fact and conclusions of law.

## Findings of Fact

1. Taxpayer, Mr. E. Roy Albright, a resident of Mobile, Alabama, established an irrevocable *inter vivos* trust by a trust agreement dated June 26, 1956, by and between E. Roy Albright, as donor, and the Merchants National Bank of Mobile, as trustee. Said trust was in full force and effect during the calendar years 1956 and 1957.

2. On June 26, 1956, Mr. Albright transferred by gift 840 shares of $100 par value preferred stock of Albright & Wood, Inc., an Alabama corporation, to the Merchants National Bank of Mobile, as trustee under the aforementioned trust agreement.

3. On January 8, 1957, Mr. Albright made a second gift of 160 additional shares of $100 par value preferred stock of Albright & Wood, Inc., to the Merchants National Bank of Mobile as trustee under the same trust agreement.

4. Said trust agreement, in Article 4, names as income beneficiaries in equal shares, the donor's four granddaughters, Margaret Eleanor Albright, Mary Jane Albright, Jesse Kathleen Albright, and Marie Christian Albright, who were all minors under the age of twenty-one during the periods 1956 and 1957. Article 5 of said trust agreement treats of how the income distributable to a minor granddaughter is to be paid out or applied.

5. Mr. Albright timely filed a federal gift tax return for the calendar year 1956 with the District Director on or before April 15, 1957. In said return, taxpayer Albright included the gift of 840 shares of stock at a valuation of $84,000. Exclusions totaling $12,000 were claimed as deductions under Section 2503(b) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 2503(b), and a tax of $3,930 was shown. This amount was paid on March 13, 1957.

6. On or before April 15, 1958, Albright filed with the District Director a timely federal gift tax return for the calendar year 1957. In said return, taxpayer Albright included the gift of 160 shares of stock at a valuation of $16,000. Exclusions totaling $12,000 were claimed as deductions under Section 2503(b) of the Internal Revenue Code of 1954, and a tax of $660 was shown. This amount was paid on April 15, 1958.

7. The Commissioner of Internal Revenue, after regular audit and examination, determined that the gifts of income from the trust assets were gifts of future interests in property and not of present interests, and accordingly disallowed the exclusions claimed on each of said returns for 1956 and 1957. A deficiency of $2,070 and interest thereon of $248.40 were duly assessed for 1956, and payment was made to the District Director on April 15, 1959. A deficiency of $2,565 and interest thereon of $153.90 were duly assessed for 1957, and payment was made to the District Director on April 15, 1959.

8. Timely claims for refund for each of the years 1956 and 1957 were filed on April 28, 1959, with the District Director to recover the aforementioned deficiencies and interest. Said claims alleged that the gifts of income under the trust agreement of June 26, 1956, were gifts of present interest in property within the meaning of Section 2503(b) of the Internal Revenue Code of 1954, and that the Commissioner erred in determining said gifts to be of future interests in property and in disallowing the claimed exclusions on that ground. Notice of

disallowance of the claims was waived by Albright on September 11, 1959. More than six months elapsed between the filing of said claims and commencement of this action.

9. The trust instrument of June 26, 1956, is free of ambiguity and is well designed to carry out the manifest purpose of the donor to provide a source of income for life for his four granddaughters.

10. The donor-settlor, E. Roy Albright, gave the trustee, under Article 5, discretion, among other discretions, to withhold and accumulate all or part of each minor granddaughter beneficiary's share of the trust income. A consideration of the entire agreement and the other circumstances in evidence makes this clear. Under the first paragraph of Article 5, during the minority of any granddaughter the trustee has discretion to pay such income directly to the mother for the exclusive use and benefit of the minor granddaughter for whom paid; or under the second paragraph of Article 5, if the trustee does not deem it advisable to make such payment to the mother during the minority of a granddaughter, the trustee "shall use and apply for such minor granddaughter's welfare, support, education and comfort, such part of the net income of the trust distributable to such minor granddaughter as the Trustee, in its absolute and sole discretion, deems advisable."

11. Settlor-donor Albright did not give the four granddaughter beneficiaries during minority the unrestricted right to the immediate use, possession, or enjoyment of the income from the trust property as a matter of right; but the use, possession or enjoyment of said income was restricted by the discretion in the trustee to withhold such use, possession or enjoyment as it deemed advisable. Under Alabama law, such discretion is valid and such power to withhold or accumulate during minority is valid.

12. The gifts of income to the minor granddaughter beneficiaries under the trust agreement of June 26, 1956, did not constitute present interests in property but were future interests in property within the meaning of Section 2503 (b) of the Internal Revenue Code of 1954.

## Conclusions of Law

1. This Court has jurisdiction of the parties and the subject matter of this action.

2. Under Alabama law, the donor-settlor Albright had the right to give and did give discretion in the trustee by the agreement of June 26, 1956, to withhold all or part of each beneficiary's share of the income of the trust during minority, and said discretion is valid.

3. Each minor granddaughter beneficiary's right to her share of the income of said trust during minority was and is subject to the discretion of the trustee to withhold all or a part of said income as it deems advisable during minority.

4. Each minor granddaughter beneficiary's interest in the income of the said trust is limited by said discretion to commence in use, possession or enjoyment at some future date or time, and each such beneficiary does not have an unrestricted right to the immediate use, possession or enjoyment of the income from said trust property.

5. The gifts in question do not constitute gifts of present interests in property but constitute future interests in property within the meaning of Section 2503(b) of the Internal Revenue Code of 1954, and taxpayer Albright is not entitled to the claimed exclusions under Section 2503(b) of the Internal Revenue Code of 1954 or any other section.

6. The defendant United States of America is entitled to judgment dismissing plaintiff's action with prejudice, and to its costs.