**E. Roy ALBRIGHT, Appellant,**

**v.**

**UNITED STATES of America,**
**Appellee.**

**No. 19243.**

United States Court of Appeals
Fifth Circuit.

Sept. 25, 1962.

---

John W. McConnell, Jr., Armbrecht, Jackson, McConnell & DeMouy, Mobile, Ala., for appellant.

Vernol R. Jansen, Jr., U. S. Atty., Mobile, Ala., John B. Jones, Jr., Acting Asst. Atty., Lee A. Jackson, Donald P. Horwitz, Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before RIVES, BROWN and WISDOM, Circuit Judges.

RIVES, Circuit Judge.

Construing an inter vivos trust agreement, the district court held [1] that the trustee had discretion to withhold income from the settlor's four minor granddaughters so that the gifts of income were gifts of future interests in property not entitled to gift tax exclusions under Section 2503(b) of the Internal Revenue Code of 1954.[2]

The controversy is confined to the gifts of income and does not extend to the gifts of the principal of the trust.

"The disposal of property in trust under an agreement deferring distribution of principal may be regarded, for Federal gift tax purposes, as a twofold transfer creating one interest in the income and another in the principal. Either or both may be present interests to which the exclusion would be applicable, and either or both may be future interests with respect to which the exclusion would be denied. The fact that one of these may be regarded as a future interest does

---

1. The district court's findings of fact and conclusions of law are reported at 194 F.Supp. 873, et seq.

2. "(b) *Exclusions from gifts.*—In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1955 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for purposes of subsection (a), be included in the total amount of gifts made during such year. * * *" 26 U.S.C.A. § 2503(b).

not of itself prevent the other from being a present interest."
Herrmann's Estate v. Commissioner of Internal Rev., 5 Cir., 1956, 235 F.2d 440, 443.

■ There is no occasion to extend the discussion contained in the case just cited as to what is meant by "future interests in property." The parties appear to be in agreement, and properly so we think,[3] that if the income of the trust is required to be distributed annually, the gift of the income is a present interest, while if the trustee has discretion to withhold and accumulate income, the gift of the income is a future interest.

On June 26, 1956, the taxpayer established an irrevocable inter vivos trust by agreement between the taxpayer, as settlor, and The Merchants National Bank of Mobile, as trustee. A single trust was established for the benefit of the settlor's four granddaughters: Margaret Eleanor Albright (now Mrs. Margaret Albright Black, birth date, May 9, 1936); Mary Jane Albright (birth date, February 8, 1939); Jesse Kathleen Albright (birth date, November 25, 1941); and Marie Christian Albright (birth date, February 15, 1945). At the time of the execution of the trust agreement, the settlor gave to the trustee 840 shares of $100.00 par value preferred stock of Albright & Wood, Inc., an Alabama corporation. In the taxpayer's gift tax return the $30,000.00 specific exemption[4] was deducted, and that, of course, is not questioned. In addition, the taxpayer deducted $12,000.00 ($3,000.00 for each granddaughter beneficiary) pursuant to Section 2503(b) (see n. 2, supra). On January 8, 1957, taxpayer gave to the trustee an additional 160 shares of $100.00 par value preferred stock of the same company. Again in his gift tax return the taxpayer deducted $12,000.00 pursuant to Section 2503(b), supra.

Although not appearing of record, it appears from the briefs that the taxpayer took depositions of himself and of the trust officer of the trustee but did not introduce them in evidence because the district judge at the pretrial hearing advised the parties that he did not wish any testimony offered as to the meaning and intent of the settlor unless he found that the wording and intent of the trust agreement were ambiguous.

Ultimately, the court concluded that, properly construed, the trust agreement gave discretion to the trustee to withhold all or part of each beneficiary's share of the income of the trust during minority. Whether or not that construction is correct appears to us to turn mainly on paragraphs 4, 5 and 7 of the trust agreement. There are other provisions which are of some help in arriving at a proper construction, but those most immediately pertinent are paragraphs 4, 5 and 7, which we quote and supply emphasis to some of the critical words and phrases:

"4. *The entire net income of the trust shall be divided equally* among and, *except as hereinafter otherwise provided, shall be paid over in equal separate shares* to the Donor's granddaughters, Margaret Eleanor Albright, Mary Jane Albright, Jesse Kathleen Albright and Marie Christian Albright so long as they or any of them shall live; provided that from and after the death of any of said granddaughters, who shall leave issue surviving her, such deceased granddaughter's share of the net income of the trust shall be paid over to her issue in equal shares until the termination of this trust. From and after the death of any of said granddaughters who shall die without issue, her share of the net income of the trust shall, until termination of this trust, be divided equally among the above named granddaughters, living from time to time, and the issue of any of said granddaughters who may have died

3. See La Fortune v. Commissioner of Internal Rev., 10 Cir., 1958, 263 F.2d 186, 190, and cases there cited.

4. 26 U.S.C.A. § 2521.

leaving issue, but the issue of a deceased granddaughter shall take per stirpes and not per capita.

"Twenty-one (21) years after the death of the last of the above named granddaughters, this trust shall terminate and the then remaining corpus and *undistributed income of the trust* shall be divided, per stirpes, among and paid over to the then living issue of said granddaughters of the Donor.

"5. During the minority of any granddaughter, the Trustee *may,* if it in its discretion deems it advisable so to do, pay over to the minor granddaughter's mother, Mary Jane Albright, for the exclusive use and benefit of the granddaughter for whom paid, the income of the trust estate distributable or payable to the minor granddaughter. The receipt of the said mother shall fully discharge the Trustee for all payments so made to her and there shall be no obligation on the part of the Trustee to see to the application of any such payments for which a receipt is obtained from said mother.

"In the event the Trustee does not deem it advisable to make such payments to the said mother during the minority of a granddaughter, the Trustee *shall* use and apply for such minor granddaughter's welfare, support, education and comfort, *such part of the net income of the trust distributable to such minor granddaughter as the Trustee, in its absolute and sole discretion, deems advisable.*

\* \* \* \* \* \*

"7. The Trustee shall not be required to distribute the net income of the Trust as received but *shall* distribute the same in as nearly equal monthly installments as may be practicable, based on the Trustee's estimate of the annual net income of the Trust."

The mandatory "shall" in section 4 is limited by the phrase "except as hereinafter otherwise provided," which appears to us to refer to the provisions of section 5 and its effect to be determined by the meaning of those provisions. The recognition in the last paragraph of section 4 of "undistributed income of the trust" remaining at its termination, 21 years after the death of the last of the four granddaughters, may refer simply to the undistributed income which accrued during the last year of the trust or it may contemplate accumulation of income throughout the minority of each of the granddaughters. We think that it means simply the undistributed income accrued during the last year of the trust, because in normal course the trust would continue for many years after the youngest granddaughter had attained majority and after any possible discretion to withhold income had expired. It is significant that there is no other provision in the trust instrument for the disposition of accumulated income.[5]

The permissive "may" in the first paragraph of Section 5 permitting payments to the mother as contrasted with the usually mandatory "shall" in the second paragraph would appear to direct the trustee to use and apply the income for the benefit of each of the minor granddaughters.[6] On the other hand, the district court apparently fastened on the phrase, "such part of the net income of the trust distributable to such minor granddaughter as the Trustee, in its absolute and sole discretion, deems advisable," as giving the Trustee a discretion to withhold all or part of each beneficiary's share of the income during minority. That phrase is susceptible of that meaning, or

---

5. See Smith v. Commissioner of Internal Revenue, 8 Cir., 1942, 131 F.2d 254, 257.

6. Under Alabama law the trustee would not be discharged by paying income directly to a minor beneficiary. Income of $500.00 or less could legally be paid to the Judge of Probate of the county of the minor's residence. Code of Alabama 1940, Title 21, Section 99. Otherwise, payment of income to a minor would necessitate the appointment of a guardian.

"such part" could refer to all of the net income distributable to each minor granddaughter, keeping in mind that only one trust estate was created, the net income of which was to be divided equally among the four granddaughters.[7] The discretion vested in the trustee, "as the Trustee, in its absolute and sole discretion, deems advisable," could relate to the manner and means of the particular use and application of each part of the income for the granddaughter's benefit as distinct from a mandate to use and apply all of the income for some such purpose.[8] Standing alone, the last paragraph of section 5 is reasonably susceptible of two different meanings.

That ambiguity is, however, removed by the clearly expressed mandate of section 7 that the Trustee *shall* distribute the net income in monthly installments "based on the Trustee's estimate of the annual net income of the Trust." The clearly expressed intention in section 7 should not yield to the doubtful meaning of section 5, when section 5 can reasonably be construed to accord with section 7.[9]

The intent and purpose of the settlor is the law of the trust.[10] "And it is a primary rule of construction that the settlor's intent and purpose must be gathered from the whole instrument, conflicting clauses being reconciled if possible."[11] Construing the present trust agreement from its four corners, and undertaking to harmonize its various provisions, we cannot agree that it vested the trustee with any discretion to withhold income from the settlor's four minor granddaughters. The judgment is therefore reversed and the cause remanded with directions to enter judgment for the plaintiff taxpayer.

Reversed with directions.

7. Cf. Munger v. United States, D.C.M.D. Ala., 1957, 154 F.Supp. 417, 423.

8. Compare Smith v. Commissioner of Internal Revenue, 8 Cir., 1942, 131 F.2d 254, 256; Ingalls v. Ingalls, 1951, 256 Ala. 321, 54 So.2d 296, 307.

9. Simmons v. Simmons, 1883, 73 Ala. 235, 638; Schowalter v. Schowalter, 1930, 221 Ala. 364, 128 So. 458, 460.

10. Edmonson v. First National Bank of Birmingham, 1951, 256 Ala. 449, 55 So. 2d 338, 352.

11. Ingalls v. Ingalls, 1951, 256 Ala. 321, 54 So.2d 296, 301.