**EMERSON INSTITUTE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19735.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 14, 1966.

Decided Feb. 8, 1966.

Petition for Rehearing Denied March 3, 1966.

---

Mr. Byron N. Scott, Washington, D. C., for appellant.

Mr. Morton K. Rothschild, Attorney, Department of Justice, with whom Messrs. Richard M. Roberts, Lee A. Jackson and Robert N. Anderson, Attorneys, Department of Justice, David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief for appellee. Mr. John D. Conliff, Jr., U. S. Atty., at the time the record was filed, also entered an appearance for appellee.

Before WRIGHT, McGOWAN and TAMM, Circuit Judges.

TAMM, Circuit Judge.

Appellant seeks in this proceeding to recover two installments of federal taxes paid under protest. In 1945, the appellant, as a non-profit educational corporation, had been granted an exemption from federal taxes by the Internal Revenue Service. However, surviving trustees of the appellant corporation had, in 1946 and 1947, filed with the Recorder of Deeds of the District of Columbia a "Certificate of Dissolution" of the corporation and an "Agreement of Partnership" between themselves. Following the death of one of the "partners" in 1953, the surviving "partner" purchased the deceased "partner's" interest from his estate. When the Internal Revenue Service learned belatedly of the "dissolution" of the appellant as a corporation, it revoked the tax exemption because a partnership is not eligible for tax exemption under the provisions of Section 501 of the Internal Revenue Code of 1954.[1]

---

1. Sec. 501. Exemption From Tax on Corporations, Certain Trusts, Etc.

(a) *Exemption From Taxation.*—An organization described in subsection (c) or (d) or section 401(a) shall be exempt from taxation under this subtitle unless such exemption is denied under sections 502, 503, or 504.

\* \* \* \* \* \*

Thereafter, in 1959, the Internal Revenue Service assessed a deficiency in taxes for the first and second quarters of 1956 against the surviving partner "trading as Emerson Institute." These taxes were paid (presumably by appellant) under protest, and this action was initiated in the United States District Court for the District of Columbia, which court, on an agreed statement of facts, granted summary judgment for our present appellee. This appeal is from that judgment.

In the meanwhile, however, the surviving "partner" had initiated a suit in the same district court which resulted, in 1961, in a consent judgment declaring the "Certificate of Dissolution" and the "Agreement of Partnership" void. This judgment directed the entry on these documents in the files of the Recorder of Deeds of appropriate notations canceling their purported legal effect, but allowed the sale of the deceased "partner's" share of the business to remain undisturbed. Basically the district court reasoned that because the statutory requirements for the dissolution of a corporation had not been met, the mere recording of the "Certificate of Dissolution" and the "Agreement of Partnership" had been ineffective in dissolving the corporation. The Internal Revenue Service was not a party to this action. John J. Humphrey et al. v. Myra McCutcheon Myers et al. (Civil No. 1566–60, D.D.C.).

Before us, appellant argues that since the purported change of its status from corporation to partnership was an abortive one, it remained in law a corporation, eligible for its granted tax exemption status. Appellee answers that the 1961 decree of the district court did not retroactively cancel the "Certificate of Dissolution" and "Agreement of Partnership," but that even if it did do so as to the parties to that action, it was not binding on the Government for tax purposes.

■ We are of the view that the ruling of the district court in the present action granting summary judgment for appellee was correct. The court decree in 1961 was not made expressly retroactive; the Government, or the Internal Revenue Service, was not a party to that action, and the decree recognized the de facto partnership status of appellant by affirming the validity and effectiveness of the sale of the deceased "partner's" interest to the surviving "partner." It follows, we believe, that the appellant was not de facto a corporation for tax purposes during the years 1946 to 1961.

■ We reach the same result, however, even if we assume the court decree of 1961 was, in fact, retroactive to the dates of the execution or filing of the "Certificate of Dissolution" and the "Agreement of Partnership." The law appears well established that a nunc pro tunc decree in proceedings to which the Internal Revenue Service is not a party is not binding on that Service for tax purposes. See Sinopoulo v. Jones, 154 F.2d 648 (10th Cir. 1946); Daine v. Commissioner, 168 F.2d 449, 4 A.L.R.2d 248 (2d Cir. 1948); M. T. Straight's Trust v. Commissioner, 245 F.2d 327 (8th Cir. 1957); see also Piel v. Commissioner, 340 F.2d 887 (2d Cir. 1965). The principle upon which the law is founded

(c) *List of Exempt Organizations,* —The following organizations are referred to in subsection (a):

\* \* \* \* \* \*

(3) Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, testing for public safety, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, no substantial part of the activities of which is carrying on propaganda, or otherwise attempting to influence legislation, and which does not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of any candidate for public office.

\* \* \* \* \* \*

Int.Rev.Code of 1954, § 501.

is succinctly stated in Sinopoulo v. Jones, supra:

"It is a general rule that as between parties to an instrument a reformation relates back to the date of the instrument, but that as to third parties who have acquired rights under the instrument, the reformation is effective only from the date thereof." 154 F.2d at 650.

Applying this alternative approach to the facts in this case, even if the 1961 court decree in a case in which the Internal Revenue Service was not a party be taken as having re-established appellant's corporate status in respect to the taxable period in question, this decree could, at best, have operative consequences only as between the parties to the action in which it was entered. It did not, as it could not, deprive the Internal Revenue Service of its right and duty to assess and collect taxes for a period when the taxpayer had disclaimed the only legal status under which it was entitled to an exemption.

The judgment of the district court granting appellee's motion for summary judgment is

Affirmed.