Era Davis Harris and Fay Davis Clarke v. Commissioner.
Harris v. Commissioner
Docket Nos. 1678-69, 2891-69.
United States Tax Court
T.C. Memo 1971-172; 1971 Tax Ct. Memo LEXIS 158; 30 T.C.M. (CCH) 742; T.C.M. (RIA) 71172; July 22, 1971, Filed Tom James, 1018 United Fidelity Bldg., 75202 Peterson State Bank Bldg., Dallas, Tex., for the petitioners. Frederick B. Strothman, for the respondent. STERRETT
Memorandum Findings of Fact and Opinion STERRETT, Judge: Respondent determined a deficiency of $3,203.94 in Era Davis Harris' Federal gift taxes for the calendar year 1965. He also determined a deficiency of $3,203.94 in the calendar year 1965 Federal gift taxes of Fay Davis Clarke. Pursuant to a joint motion of the *159 parties, the cases of these two petitioners were consolidated for trial and opinion. The respondent has made concessions, and the only question remaining is whether certain gifts in trust made by each petitioner to 743 grandnieces and nephews who were minors qualify for the $3,000 annual gift tax exclusion under section 2503. [1]
Findings of Fact Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. Era Davis Harris resided at Dike, Texas, at the time of filing her petition herein. She filed a Federal gift tax return for the calendar year 1965 with the district director of internal revenue, Dallas, Texas. Fay Davis Clarke resided at Dike, Texas, at the time of filing her petition herein. She also filed a Federal gift tax return for the calendar year 1965 with the district director of internal revenue, Dallas, Texas. During the year in issue Era and Fay (hereinafter collectively referred to as petitioners) each owned an undivided interest in certain tracts of land in Texas. On December 31, 1965, petitioners *160 jointly executed six agreements creating trusts for the indicated beneficiaries: 1. Daniel P. Maley, Jr., Trustee of trust for D. Patrick Maley, III 2. Daniel P. Maley, Jr., Trustee of trust for Melinda Lee Maley 3. Jerry Bert Davis, Trustee of trust for Jerry Richard Davis 4. Jerry Bert Davis, Trustee of trust for Melanie Ann Davis 5. Mary Davis Grant, Trustee of trust for Jason Hopkins Grant 6. Mary Davis Grant, Trustee of trust for Patricia Ann Davis Grant Each beneficiary received an undivided 2/75 interest in the surface rights of the tracts of land. All the beneficiaries were minors of land. All the beneficiaries were minors at the time of the gifts. [2]
Each of the six trust agreements executed by the petitioners on December 31, 1965, were identical in all respects except as to the trustee and beneficiary. Paragraph 2(b) of the December 31, 1965, trust agreement provided as follows: (b)The Trustee shall distribute the corpus and undistributed income of the *161 trust to the beneficiary when such beneficiary attains 35 years of age, or sooner in the Trustee's discretion. Paragraph 13 of the agreement states in part: 13. This trust shall be irrevocable, and the Grantor hereby expressly waives all right and power to alter, amend, revoke, or terminate the trust or any part of the terms of this agreement in whole or in part. The Grantor hereby renounces any interest, either vested or contingent, including any reversionary interest or possibility of reverter, in the income or corpus of this trust. Tom James, attorney at law, represented the petitioners in the drafting of the trust agreements. Subsequent to their filing gift tax returns for 1965, each petitioner received a letter dated April 28, 1966, from the district director of internal revenue, Dallas, Texas, requesting certified copies of the trust agreements. In response to his letters the district director was furnished copies of the trust agreements executed December 31, 1965. Included in the reply to each letter was an affidavit, signed by Tom James under oath and penalties of perjury, certifying to the truth and correctness of the trust agreements. Sometime thereafter, the district *162 director notified the petitioners that annual gift tax exclusions with respect to the trusts established for the minors would not be allowed on the grounds that the gifts did not qualify for such treatment under section 2503. After receiving notice that the district director proposed to disallow annual exclusions for the gifts made in trust, petitioners amended the trust agreements. The amended trust agreements changed paragraph 2(b) from that found in the original trust agreements by inserting therein the underlined [italicized] words as follows: (b) The Trustee shall distribute the corpus and undistributed income of the trust to the beneficiary when such beneficiary attains twenty-one (21) years of age. In the discretion of the beneficiary, this trust may be continued thereafter until such beneficiary attains thirty-five (35) years of age, or sooner in the Trustee's discretion. The amended trust agreements retained the original execution date of December 31, 1965, and thus were intended to be retroactive in effect. Both petitioners, in their individual 1965 gift tax returns, took six annual donee exclusions for their respective transfers of a 1/75 property interest to each *163 trust. Each petitioner received a statutory notice dated 744 January 7, 1969, in which respondent disallowed the claimed exclusions on the grounds that "it has not been established that * * * [petitioners] are entitled to retroactive reformation of the original trust agreements of 1965." Opinion As applicable to the years before use, section 2503[3] allows donors, for the purpose of computing their Federal gift tax liability, to exclude the first $3,000 of gifts made to any person. The exclusion, however, does not apply to gifts of future interests. An exception to this rule is made for gifts to minors meeting certain specific requirements. The question here is whether the trusts created by the petitioners qualify under this exception. We hold they do not. (2) *164 Petitioners jointly created six trusts for the benefit of minor grandnephews and nieces. As originally executed the trust instruments did not provide for the distribution of corpus and income to the beneficiaries at such time as they reached 21 years of age. Accordingly the gifts under the original trust agreements did not qualify under section 2503(c) for the annual gift tax exclusion. Because of this fact, the Commissioner apprised the petitioners that he was going to disallow the exclusions they had severally taken with respect to each of the six trusts. With the arrival of this news the petitioners amended the trust agreements to provide retroactively that each beneficiary would receive the income and corpus of his trust at such time he reaches age 21. Respondent gave no effect to the amendment and disallowed the exemptions. A similar situation was before us in the case of Samuel S. Davis, 55 T.C. 416 (1970). There also a taxpayer amended certain trusts for minors after having been informed by the Commissioner that the gifts did not meet the requirements of section 2503(c). We held that *165 the retroactive amendment of the trusts in issue could not change the Federal tax consequences of the completed gift. 55 T.C. at 428. Petitioners appear to be making the contention that under the law of Texas, where the agreements were executed, the amendments would be fully effective on a retroactive basis. Supposing this contention to be true, still it avails the petitioners naught. Van Den Wymelenberg v. United States, 397 F. 2d 443, 445 (C.A. 7, 1968), affirming 272 F. Supp. 571 (E. D. Wis. 1967); Samuel S. Davis, supra, at 428. A long line of cases has held that the Federal tax implications of completed transactions cannot be changed even by judicial reformation in state courts. E. g. Emerson Institute v. United States, 356 F. 2d 824 (C.A.D.C. 1966), affirming an unreported case; M. T. Straight's Trust v. Commissioner, 245 F. 2d 327, 329 (C.A. 8, 1957), affirming 24 T.C. 69 (1955); Sinopoulo v. Jones, 154 F. 2d 648, 650 (C.A. 10, 1946), affirming an unreported case; cf. *166 Saulsbury v. United States, 199 F. 2d 578 (C.A. 5, 1952), affirming 101 F. Supp. 280 (S. D. Fla. 1951); Loggie v. Thomas, 152 F. 2d 636 (C.A. 5, 1945), affirming an unreported case; but see Flitcroft v. Commissioner, 328 F. 2d 449, 455 (C.A. 9, 1964), reversing and remanding 39 T.C. 52 (1962). This Court's decision must be based on the instrument as actually written during the year in issue and not on a subsequent reformation. Morris Eisenberg, 5 T.C. 856, 869 (1945), affirmed 161 F. 2d 506 (C.A. 3, 1947). Petitioners contend that the present case presents a different situation because the critical words directing distribution to the beneficiaries at age 21 were omitted due to a clerical error in transcription. We note in passing that attorney Tom James, who 745 represented the petitioners in the drafting of the trust agreements as well as in the present litigation, did not take the stand to testify that a clerical error had been committed; indeed no one so testified. However that may be, *167 the character of the error rectified by retroactive reformation or amendment has no bearing on the application of the rule that retroactive reformation cannot change the Federal tax consequences of a completed transaction. Van Den Wymelenberg v. United States, supra; Samuel S. Davis, supra. As appealing as we may find petitioners' position, we cannot here add to the list of hard cases which have made bad law. We hold that whether petitioners are entitled to the gift tax exemptions in question is governed by the trust instruments as they actually existed on December 31, 1965. Since the gifts to the minors made by those instruments did not meet the requirements of section 2503(c), petitioners are not entitled to annual exclusions with respect to those gifts. In accordance with the foregoing and because of concessions, Decisions will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩
2. The exact amount of the property interests placed in trust is not entirely clear on the record before us. The actual amount of property conveyed, however, has no bearing on the outcome of this case.↩
3. SEC. 2503. TAXABLE GIFTS. * * * (b) Exclusions From Gifts. - In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year * * * the first $3,000 of such gifts to such person shall not * * * be included in the total amount of gifts made during such year. * * * * * * (c) Transfer For the Benefit of Minor. - No part of a gift to an individual who has not attained the age of 21 years on the date of such transfer shall be considered a gift of a future interest in property for purposes of subsection (b) if the property and the income therefrom - (1) may be expended by, or for the benefit of, the donee before his attaining the age of 21 years, and (2) will to the extent not so expended - (A) pass to the donee on his attaining the age of 21 years, and (B) in the event the donee dies before attaining the age of 21 years, be payable to the estate of the donee or as he may appoint under a general power of appointment as defined in section 2514(c).↩